UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In re Application of EURASIAN NATURAL
RESOURCES CORPORATION LIMITED              Case No. _____
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings.


------------------------------------------------------------------ x

## EX PARTE APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Based upon the concurrently filed Memorandum of Law and Declaration of Tab K. Rosenfeld ("Rosenfeld Declaration") with accompanying exhibits, Applicant Eurasian Natural Resources Corporation Limited ("ENRC" or "Applicant"), pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26 and 45, respectfully requests that this court grant an Order in the form attached as Exhibit H to the Rosenfeld Declaration granting ENRC leave to serve the subpoena annexed to the Rosenfeld Declaration as Exhibit G. ENRC requests that the Court grant such leave *ex parte*.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in aid of a civil proceeding initiated by Applicant and currently pending in the High Court of Justice Business and Property Courts of England and Wales Commercial Court (QBD) captioned: *Eurasian Natural Resources Corporation Limited v. Dechert LLP and David Neil Gerrard*, Claim No. CL-2017-000583 (the "Foreign Proceeding").

The Applicant seeks evidence to support its pending claims and/or potential additional claims against its former attorneys Dechert LLP ("Dechert") and David Neil Gerrard ("Gerrard"), a partner and member of Dechert, LLP (Dechert and Gerrard are referred to collectively as the "Defendants"). Dechert and Gerrard were retained by ENRC to provide advice and perform investigative and reporting services and otherwise handle ENRC's dealings with the Serious Fraud

Office ("SFO"), a non-ministerial government department of the Government of the United Kingdom that investigates and prosecutes potential fraud and corruption. As set forth in the pleadings in the Foreign Proceeding, during the course of the engagement, Defendants are alleged to have engaged in numerous acts of misconduct and actions contrary to their professional responsibilities, including, *inter alia*, leaking privileged and confidential documents to the press, making improper and unauthorized disclosures to the SFO, and unnecessarily expanding the scope of the SFO investigation for the purpose of causing ENRC to incur exorbitant legal fees. As a result, ENRC terminated the retainer on March 27, 2013. In the Foreign Proceeding, ENRC pleads that the Defendants, *inter alia*, acted negligently, in breach of contract and/or in breach of their fiduciary duties in the conduct of their retainer by ENRC.

The party from whom discovery is sought, Deloitte, LLP hereinafter ("Deloitte US"), is a member firm of Deloitte Touche Tohmatsu Limited ("DTTL"), a global network of professional service firms which provide audit, tax, consulting, enterprise risk and financial advisory services. Each of DTTL's member firms are separate legal entities. During the course of ENRC's retainer of the Defendants, ENRC hired a number of third parties, including DTTL's UK-based member firm Deloitte, LLP, hereinafter ("Deloitte UK"), to assist with the investigations.

During the course of the Foreign Proceeding, the Defendants' position was that Deloitte UK is likely in possession of documents which may fall within ENRC's discovery obligation in the Foreign Proceeding. In order to determine whether it would need to seek discovery from Deloitte UK in the Foreign Proceeding, ENRC's counsel in the Foreign Proceeding exchanged correspondence with Deloitte UK in which it, *inter alia*, sought copies of invoices issued by Deloitte UK during the time relevant to the Foreign Proceeding. In the course of those exchanges, Deloitte UK indicated, in a July 30, 2019 letter, that it "receive[d] an enquiry from Dechert in February 2019 to analyse some devices relating to employees/shareholders of ENRC to see whether

those devices had been compromised." In a follow-up August 14, 2019 letter, Deloitte UK indicated that the "the enquiry from Dechert LLP was received through our US firm [i.e. Deloitte US] on 6 February 2019. We had no direct contact with Dechert LLP or your client in respect of the enquiry," and also stated that it "did not hear back from our US firm to proceed with the engagement . . . and so we did not invoice [ENRC]." In an October 9, 2019 letter, Deloitte UK attempted to backtrack from its earlier statement, stating that "Dechert did not ask Deloitte anything about analysing any devices of ENRC/its employees/shareholders. The references in our letters to such an enquiry were made in error." While Deloitte UK now denies that Dechert asked Deloitte US to analyze devices of ENRC/its employees/shareholders, Deloitte UK's contradictory letters appear to indicate that Deloitte US is likely in possession of materials, devices and/or documents pertaining to ENRC, and that Deloitte US has been communicating with Gerrard and/or Dechert regarding ENRC long after they had been terminated as ENRC's counsel. Given the allegations that Defendants improperly leaked privileged and confidential information concerning ENRC to the press and has otherwise acted unprofessionally, ENRC believes Defendants improperly retained ENRC documents and/or devices following their termination and may be further breaching their professional duties to ENRC by disclosing them to Deloitte US and attempting to use them for a nefarious purpose.

The Foreign Proceeding is ongoing, and ENRC is engaged in the process of seeking information and documents to substantiate its claims of Dechert's and Gerrard's wrongdoing. Upon information and belief, Deloitte US has information, documents, and potentially devices of ENRC which are likely to support its pending claims against the Defendants in the UK and may shed further light on Dechert's engagement with ENRC and its acts of malfeasance which may lead to additional claims being asserted against the Defendants.

The Applicant here meets all the statutory criteria for the issuance of an order allowing

the requested discovery under 28 U.S.C. § 1782. The documents sought are directly relevant to the core issues in the Foreign Proceeding. As plaintiff in the Foreign Proceeding, Applicant is an "interested person." The target of this discovery—Deloitte US—is located within this District. Moreover, as set forth in Applicant's Memorandum of Law filed simultaneously herewith, the discretionary factors to be considered favor granting this application. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Applicant must obtain these materials as soon as possible for use in the ongoing Foreign Proceeding.

For these reasons, ENRC respectfully requests that this Court grant its Application for an order granting it leave to serve the named witness with the subpoena attached to the Rosenfeld Declaration as Exhibit G.

Dated:  New York, New York
              December 12, 2019

ROSENFELD & KAPLAN, LLP

By: _____
Tab K. Rosenfeld (TR-9212)
Steven M. Kaplan (SK-4228))
Nicole E. Meyer (NM-2302)
1180 Avenue of the Americas, Suite 1920
New York, NY 10036
(212) 682-1400
*Attorneys for Applicant Eurasian Natural Resources Corporation Limited*