Tab K. Rosenfeld (TR-9212)
Steven M. Kaplan (SK-4228))
Nicole E. Meyer (NM-2302)
ROSENFELD & KAPLAN, LLP
1180 Avenue of the Americas, Suite 1920
New York, NY 10036
(212) 682-1400
tab@rosenfeldlaw.com
steve@rosenfeldlaw.com
nm@rosenfeldlaw.com

*Attorneys for Applicant Eurasian Natural
Resources Corporation Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
In re Application of EURASIAN NATURAL
RESOURCES CORPORATION LIMITED                     Case No. _____
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings.
------------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO
<u>CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................iii-iv

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

ARGUMENT ................................................................................................................................6

    I.    THE APPLICATION MEETS THE STATUTORY REQUIREMENTS .........6

    II.    THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF ENRC'S APPLICATION ...............................................................................................................9

        a.    DELOITTE US IS NOT A PARTICIPANT IN THE FOREIGN PROCEEDING ................................................................................................ 9

        b.    THE FOREIGN TRIBUNALS ARE RECEPTIVE TO U.S. JUDICIAL ASSISTANCE ...............................................................................................10

        c.    THE APPLICATION DOES NOT CIRCUMVENT THE RULES OF THE FOREIGN TRIBUNALS ...............................................................................11

        d.    THE APPLICATION IS TAILORED TO AVOID UNNECESSARY BURDENS IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE ........................................................................................12

CONCLUSION ..........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.
    785 F. Supp. 2d 434 (S.D.N.Y. 2011)..................................................................................9

Application of Sumar
    123 F.R.D. 467 (S.D.N.Y. 1988) .........................................................................................12

Certain Funds, Accounts and/or Investment Vehicles v. KPMG, LLP
    798 F.3d 113 (2d Cir. 2015).....................................................................................................8

Esses v. Hanania
    101 F.3d 873 (2d Cir. 1996)....................................................................................................7

Euromepa S.A. v. R. Esmerian, Inc.
    51 F.3d 1095 (2d Cir. 1995)..................................................................................................10

Gorsoan Ltd. v. Bullock
    652 F. App'x 7 (2d Cir. 2016) .........................................................................................10, 11

Gushlak v. Gushlak
    486 F. App'x 215 (2d Cir. 2012) ............................................................................................1

Intel Corp. v. Advanced Micro Devices, Inc.
    542 U.S. 241 (2004)...........................................................................................6, 9, 10, 11

In re Accent Delight Int'l Ltd.
    No. 18-1755-CV, 2019 WL 5960348 (2d Cir. Nov. 13, 2019)..........................................11

In re Application for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings
    773 F.3d 456 (2d Cir. 2014)..................................................................................................13

In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf
    No. CIV.M19-88 BSJ, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ..........................7, 10

In re Application of Gorsoan Ltd. & Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding
    2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014) ...................................................................10

In re Berlamont
    No. 14-MC-00190 JSR, 2014 WL 3893953 (S.D.N.Y. Aug. 4, 2014)..............................12

In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings
    No. 18-MC-00047 (PAC), 2018 WL 895675 (S.D.N.Y. Feb. 14, 2018)............................10

In re del Valle Ruiz
    939 F.3d 520 (2d Cir. 2019)....................................................................................................7

In re Edelman
    295 F.3d 171 (2d Cir. 2002)...............................................................................................7, 12

In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings
    No. 15-MC-417 (LAK), 2016 WL 702327 (S.D.N.Y. Feb. 18, 2016) ...............................12

In re Grynberg
    223 F. Supp. 3d 197 (S.D.N.Y. 2017)....................................................................................8

In re Iraq Telecom Ltd.
    No. 18MC458LGSOTW, 2019 WL 3798059 (S.D.N.Y. Aug. 13, 2019) ...........................8

In re Iraq Telecom Ltd.
    No. 18MC458LGSOTW, 2019 WL 5080007 (S.D.N.Y. Oct. 10, 2019) ............................8

In re Sargeant
    278 F. Supp. 3d 814 (S.D.N.Y. 2017)....................................................................................7

In re O'Keeffe
    650 F. App'x 83 (2d Cir. 2016) .......................................................................................9, 13

Mees v. Buiter
    793 F.3d 291 (2d Cir. 2015)......................................................................................8, 11, 12

Purolite Corp. v. Hitachi Am., Ltd.
    No. 17 MISC. 67 (PAE), 2017 WL 1906905 (S.D.N.Y. May 9, 2017)................................7

## PRELIMINARY STATEMENT

The applicant Eurasian Natural Resources Corporation Limited ("ENRC" or "Applicant") respectfully files this *ex parte*[1] application (the "Application") for an order under 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in aid of a civil proceeding initiated by Applicant and currently pending in the High Court of Justice Business and Property Courts of England and Wales Commercial Court (QBD) captioned: <u>Eurasian Natural Resources Corporation Limited v. Dechert LLP and David Neil Gerrard</u>, Claim No. CL-2017-000583 (the "Foreign Proceeding"). As set forth in the claims filed in the Foreign Proceeding, Applicant has initiated an action against its former attorneys, Dechert LLP ("Dechert"), and David Neil Gerrard ("Gerrard"), a partner and member of Dechert (Dechert and Gerrard are referred to collectively as the "Defendants"), seeking damages caused by the alleged multiple gross acts of professional misconduct and breaches of their duties to ENRC during the course of their retainer by ENRC. Such acts of malfeasance include the Defendants' alleged willful leaking of confidential and privileged information of ENRC to the press for their own gain and at the expense of ENRC.

During the course of the Foreign Proceeding, ENRC became aware, through communications with Deloitte LLP (a UK-based firm, hereinafter, "Deloitte UK"), that Dechert, in February 2019 – approximately 6 years after it had been terminated by ENRC – had approached the US-based firm Deloitte, LLP ("Deloitte US") for services investigating ENRC

---

[1] This Court routinely entertains *ex parte* applications pursuant to Section 1782. See Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."). This is because an opposing party may move to quash a subpoena issued pursuant to a Section 1782 application, thereby preserving its due process rights. See id.

devices and/or files. Given Defendants' prior acts of professional misconduct and abuse of ENRC's privileged and confidential information, ENRC believes Defendants improperly retained ENRC materials, documents and/or devices following their termination and may be further breaching their professional duties to ENRC by disclosing them to Deloitte US and attempting to use them for a nefarious purpose. ENRC believes Deloitte US has information, documents, and potentially devices of ENRC which may be used to substantiate its claims in the Foreign Proceeding. Accordingly, ENRC respectfully requests leave of the Court to subpoena Deloitte LLP, in accordance with 28 U.S.C. § 1782, to obtain discovery for use in the Foreign Proceeding.

This Application meets the statutory elements and discretionary factors under 28 U.S.C. 1782. ENRC is a participant in the Foreign Proceeding, to which the requested discovery is material and relevant. ENRC hereby seeks to obtain discovery for use in the Foreign Proceeding. The target of the discovery sought hereby is found within this District. In addition, as set forth below, each of the four discretionary factors that this Court may consider also favor granting the Application. ENRC's application should be granted, and ENRC should be permitted to seek discovery in aid of its claims in the Foreign Proceeding.

## FACTUAL BACKGROUND

The factual background of the disputes underlying the Foreign Proceedings is set forth in detail in the Claim annexed to the Declaration of Tab K. Rosenfeld as Exhibit A. Those acts are summarized below, as well as the need for the requested discovery.

ENRC was, at all times relevant, the parent company of a diversified natural resources group with, *inter alia*, extensive mining operations in, *inter alia*, Kazakhstan and Africa. (Claim ¶ 12). ENRC originally retained Gerrard in December 2010 when he was a partner of and

member in DLA Piper UK LLP, to conduct a discrete internal investigation into specific matters concerning one of ENRC's subsidiaries. When, in April 2011, Gerrard became a partner and member of Dechert, the engagement moved with him. Claim ¶¶ 3-4. On or about August 10, 2011, ENRC received contact from the Serious Fraud Office ("SFO"), a non-ministerial government department of the Government of the United Kingdom that investigates and prosecutes potential fraud and corruption, concerning allegations of potential corruption and wrongdoing by ENRC. Claim ¶ 31.5. ENRC thereafter expanded its engagement of Dechert and Gerrard to provide advice and perform investigative and reporting services and otherwise handle ENRC's dealings with the SFO. Claim ¶¶ 1, 4.

During the course of the engagement, it is alleged that Defendants engaged in numerous acts of gross misconduct and actions contrary to their professional responsibilities. Specifically, it is asserted that Gerrard made a series of potentially incriminating and damaging disclosures to the SFO ostensibly on behalf of ENRC, either based on incorrect advice from Defendants that such disclosures were necessary, or without authority or consent from ENRC. Claim ¶ 6. During the engagement, Gerrard also deliberately leaked privileged and confidential documents to the press. Claim ¶¶ 8, 60, 60A, and 60B. Rather than attempting to bring the investigations to a conclusion in a timely manner, the Claim asserts that Defendants instead acted in a manner to vastly and unnecessarily expand the scope of the SFO investigation for the purpose of racking up exorbitant legal fees. Over the course of Defendants' retainer, Dechert billed ENRC over £16 million. ¶¶ Claim 6-8, 11. As a result of such malfeasance, ENRC terminated the retainer on March 27, 2013. Claim ¶ 149.

Following the termination, ENRC commenced the Foreign Proceeding, pleading that the Defendants, *inter alia*, acted negligently, in breach of contract and/or in breach of their fiduciary duties in the conduct of their retainer by ENRC. Claim ¶¶ 154-178.

The Foreign Proceeding is ongoing, and ENRC is engaged in the process of seeking information and documents to substantiate its claims of Dechert's and Gerrard's wrongdoing. The party from whom discovery is sought, Deloitte US, is a member firm of Deloitte Touche Tohmatsu Limited ("DTTL"), a global network of professional service firms which provide audit, tax, consulting, enterprise risk and financial advisory services. Each of DTTL's member firms are separate legal entities. During the course of ENRC's retainer of the Defendants, ENRC hired a number of third parties, including DTTL's UK-based member firm Deloitte UK, to assist with the investigations. See Claim ¶ 184.

During the course of the Foreign Proceeding, the Defendants' position was that Deloitte UK is likely in possession of documents which may fall within ENRC's discovery obligation in the Foreign Proceeding. In order to determine whether it would need to seek discovery from Deloitte UK in the Foreign Proceeding, on or about October 22, 2018, ENRC's counsel in the Foreign Proceeding ("ENRC's UK Counsel"), wrote to Deloitte UK seeking copies of all invoices issued by Deloitte to ENRC during the time period relevant to the Foreign Proceedings. Rosenfeld Decl. Ex. B.

In a July 30, 2019 responsive letter, Deloitte UK indicated it "receive[d] an enquiry from Dechert in February 2019 to analyse some devices relating to employees/shareholders of ENRC to see whether those devices had been compromised." Rosenfeld Decl. Ex. C. In response, by letter dated August 2, 2019, ENRC's UK Counsel inquired as to, *inter alia*, the "exact date when Deloitte received such enquiry" to analyze the devices. Rosenfeld Decl. Ex. D. In a follow-up

4

August 14, 2019 letter, Deloitte UK indicated that the "the enquiry from Dechert LLP was received through our US firm on 6 February 2019. We had no direct contact with Dechert LLP or your client in respect of the enquiry," and also stated that it "did not hear back from our US firm to proceed with the engagement . . . and so we did not invoice [ENRC]." Rosenfeld Decl. Ex. E.

In an October 9, 2019 letter, Deloitte UK attempted to backtrack from its earlier statements, stating "Dechert did not ask Deloitte anything about analysing any devices of ENRC/its employees/ shareholders. The references in our letters to such an enquiry were made in error." Rosenfeld Decl. Ex. F.

Deloitte UK's contradictory letters appear to indicate that Deloitte US is in possession of materials, devices and/or documents pertaining to ENRC, and may very well have been retained by and provided services on behalf of Dechert and/or Gerrard relating to Dechert's engagement with ENRC. Rosenfeld Decl. Ex. B-F. Significantly, the fact that the inquiry was made in February, 2019, almost six years after Dechert's and Gerrard's engagement was terminated, raises serious questions as to Defendants' continued malfeasant conduct directed at ENRC, continued involvement in the affairs of ENRC, and continued retention of its property long after their discharge. Given the allegations that Defendants improperly leaked privileged and confidential information concerning ENRC to the press and has otherwise acted unprofessionally, ENRC believes Defendants improperly retained ENRC documents, materials, and/or devices following their termination and may be further breaching their professional duties to ENRC by disclosing them to Deloitte US and attempting to use them for a nefarious purpose. ENRC believes Deloitte US has information, documents, and materials, including electrical

5

devices, which may shed further light on Defendants' engagement with ENRC and their acts of malfeasance and may be used to support and expand ENRC's claims against Defendants.

Accordingly, ENRC seeks leave to serve the subpoena annexed hereto as Exhibit G. In the proposed subpoena, ENRC seeks limited discovery concerning Deloitte US' dealings with the Defendants as they pertain to ENRC, as well as the return of any documents and materials of ENRC/its employees/shareholders which Deloitte US possesses.

## ARGUMENT

ENRC respectfully submits that this Court should grant the Application because: (1) it meets the statutory requirements set forth in Section 1782 (*i.e.*, the person from whom discovery is sought resides in the district to which the application is made, the discovery is for use in proceedings before a foreign tribunal and the applicant is an "interested person"); and (2 the discretionary factors established by controlling case law weigh substantially in its favor (*e.g.*, whether (a) the target of discovery is a participant in the foreign proceedings, (b) the foreign tribunal is receptive to the use of the Requested Discovery, (c) the request is an attempt to circumvent foreign law, and (d) the request is unduly burdensome). Granting the Application will serve Section 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to [U.S.] courts." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 252 (2004) (internal quotations and citation omitted).

### I. THE APPLICATION MEETS THE STATUTORY REQUIREMENTS

Federal courts may grant discovery within the United States for use in a foreign proceeding, under 28 U.S.C. § 1782(a), which requires "(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the

application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any interested person.'" In re Edelman, 295 F.3d 171, 175-76 (2d Cir. 2002)(quoting Esses v. Hanania (In re Esses), 101 F.3d 873, 875 (2d Cir. 1996)).

To satisfy the first statutory requirement, ENRC must demonstrate that Deloitte US "resides" or is "found" in the S.D.N.Y. For purposes of Section 1782, a corporation "resides or is found in" a jurisdiction if it is "at home" there, such as when the jurisdiction is the corporation's place of incorporation or its principal place of business. In re Sargeant, 278 F. Supp. 3d 814, 820 (S.D.N.Y. 2017). Additionally, a corporation may "reside or be found in" a jurisdiction where its operations are "substantial and of such a nature as to render the corporation at home in that State." Id. See In re del Valle Ruiz, 939 F.3d 520, 528 (2d Cir. 2019)(holding that "§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process.").

With respect to Deloitte's United States operations, Deloitte maintains its "national office" at its New York City "30 Rock" location, which it refers to as "HQ" on its website.[2] Because Deloitte US operations are headquartered in Manhattan, and Deloitte US conducts substantial activities that are central to its business in this District, the first statutory requirement is satisfied. Purolite Corp. v. Hitachi Am., Ltd., No. 17 MISC. 67 (PAE), 2017 WL 1906905, at *2 (S.D.N.Y. May 9, 2017) ("Because HAL is headquartered in Tarrytown, New York, and conducts business out of its New York headquarters that requirement is met."); In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf, No. CIV.M19-88 BSJ, 2006 WL 3844464, at *4

---

[2] A directory of Deloitte's office locations in the United States, including its NYC "national office" located at 30 Rockefeller Plaza, 41st floor, New York, NY 10112-0015 can be found on Deloitte US' website at: https://www2.deloitte.com/us/en/footerlinks/office-locator.html?icid=bottom_office-locator.

(S.D.N.Y. Dec. 29, 2006) ("McKinsey maintains its headquarters in New York, and thus is "found" within this district . . . .").

Turning to the second statutory requirement, an applicant must also demonstrate "that the materials [it] seeks are to be used at some stage of a foreign proceeding that was within reasonable contemplation at the time of the proceedings below." Mees v. Buiter, 793 F.3d 291, 301 (2d Cir. 2015); see also In re Grynberg, 223 F. Supp. 3d 197, 201 (S.D.N.Y. 2017) ("Evidence is 'for use in a foreign proceeding' if it is 'something that will be employed with some advantage or serve some use in the proceeding'" (quoting Certain Funds, Accounts and/or Investment Vehicles v. KPMG, LLP, 798 F.3d 113, 120 (2d Cir. 2015)).  As the discovery is requested for use in a pending foreign proceeding, the Application also satisfies this requirement.

ENRC believes that Deloitte US possesses relevant documents, materials, and information, and ENRC will use the requested discovery in the Foreign Proceeding to support its claims that Defendants engaged in professional misconduct, mishandled ENRC's privileged and confidential documents, and may use the discovery obtained to expand upon its claims in the event that Defendants improperly retained possession of ENRC documents, materials, and/or devices and is attempting to use them to the detriment of ENRC.  See In re Iraq Telecom Ltd., No. 18MC458LGSOTW, 2019 WL 3798059, at *3 (S.D.N.Y. Aug. 13, 2019), reconsideration denied, No. 18MC458LGSOTW, 2019 WL 5080007 (S.D.N.Y. Oct. 10, 2019)(Rejecting the Respondents' argument that Petitioner's requests cannot be for use in foreign proceedings because the documents' existence at this point is only "speculative" and finding that "[b]ecause the discovery requests are all relevant to the claims raised in the DIFC litigation, Petitioner has satisfied the § 1782 statutory factors").

Lastly, ENRC's status as a litigant (*i.e.*, the plaintiff) in the Foreign Proceeding renders it an "interested person" under Section 1782. See <u>Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.</u>, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011). As the Supreme Court acknowledged in <u>Intel, supra</u>, "no doubt litigants are included among, and may be the most common example of, the interested persons who may invoke [Section] 1782." <u>Intel</u>, 542 U.S. at 256. Thus, the third statutory requirement plainly is satisfied.

## II. THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF ENRC'S APPLICATION

The discretionary factors set out by the Supreme Court in the seminal <u>Intel</u> decision also weigh in favor of granting the Application. These factors include: (1) "whether the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) "whether the request is otherwise unduly intrusive or burdensome." <u>Intel</u>, 542 U.S. at 264-65; see also <u>In re O'Keeffe</u>, 650 F. App'x 83, 85 (2d Cir. 2016).

### A. Deloitte US is Not a Participant in the Foreign Proceeding

Where, as here, discovery is sought from a party who is not participating in the foreign proceeding, the need for court-ordered discovery is apparent. "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable

absent § 1782(a) aid." Intel, 542 U.S. at 264 (citations omitted). Accordingly, where the target of discovery is not a party to the underlying litigation, this factor weighs in favor of granting the application. See Gorsoan Ltd. v. Bullock, 652 F. App'x 7, 9 (2d Cir. 2016) ("Indisputably, Remmel, Smith, and RIGroup are not parties to the Cyprus proceedings, and so the first Intel factor weighs in favor of discovery against them."); In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings, No. 18-MC-00047 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018). As such, this factor favors granting the Application.

### B. The Foreign Tribunals are Receptive to U.S. Judicial Assistance

The second discretionary factor identified by the Supreme Court—the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal court assistance—requires courts to consider "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal." In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf, No. M19-88, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006) (citations omitted). In weighing these factors, courts may only rely on "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995). Here, there is no evidence that the discovery sought in this application would "offend" the Courts of England and Wales. Nor is there any indication that the documents and materials sought would be inadmissible in the Foreign Proceeding.[3] To the contrary, the documents, materials, and

---

[3] In the absence of explicit evidence that a foreign tribunal would reject evidence gathered through US discovery, courts have found that the second factor weighs in favor of granting discovery under Section 1782. Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995); see also In re Application of Gorsoan Ltd. & Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding, 2014 WL 7232262, at

information sought from Deloitte US concern potential evidence of misconduct by the Defendants which would serve to support ENRC's claims. Given their relevance to the proceedings, Applicant has good reason to believe that these documents, materials, and testimony could, and would, be considered. This factor weighs in favor of granting the Application.

### C. The Application Does Not Circumvent the Rules of the Foreign Tribunals

The Application does not "attempt to circumvent" proof-gathering restrictions of the Courts of England and Wales. Thus, the third discretionary factor also weighs in favor of granting discovery. Intel, 542 U.S. at 264-65. This third factor looks at whether the foreign forum has "rules akin to privileges that *prohibit* the acquisition or use of certain materials not whether it has rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." Mees v. Buiter, 793 F.3d 291, 303 (2d Cir. 2015); In re Accent Delight Int'l Ltd., No. 18-1755-CV, 2019 WL 5960348, at *3 (2d Cir. Nov. 13, 2019)("Sotheby's has not provided any showing that the policy or restrictions of any relevant foreign jurisdiction *prohibit* the discovery sought by Petitioners.). The third factor also suggests that discovery should be granted, as this application is not an attempt to circumvent any foreign proof-gathering restrictions and there is no evidence that the Courts of the United Kingdom prohibits the discovery sought.

---

*7 (S.D.N.Y. Dec. 10, 2014), aff'd sub nom Gorsoan Ltd. v. Bullock, 652 F. App'x 7 (2d Cir. 2016) ("Where courts have found that analysis of the second Intel factor weighs against a Section 1782 discovery request, evidence demonstrating the non-receptiveness of the foreign tribunals to U.S. discovery has been explicit.").

## D. The Application is Tailored to Avoid Unnecessary Burdens in Accordance With the Federal Rules Of Civil Procedure

Finally, the fourth factor favors granting discovery because the Application is narrowly tailored to include only relevant information and avoid any undue burden. "[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." Mees, 793 F.3d at 302 (citing In re Edelman, 295 F.3d at 179 ("Limits may be proscribed on [§ 1782] discovery or an existing order may be quashed under Rule 26(c).")). Under a Section 1782 discovery order, relevancy is defined as any information that "bears on, or reasonably could lead to other matter that could bear on" the Applicant's claims or defenses in the foreign action. In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, No. 15-MC-417 (LAK), 2016 WL 702327, at *9 (S.D.N.Y. Feb. 18, 2016) (internal citations and quotation marks omitted). Where requests are "sufficiently specific," and concern "a reasonable period of time and state with reasonable particularity the subjects to which the documents relate," the requests are designed to avoid undue burden. Application of Sumar, 123 F.R.D. 467, 472–73 (S.D.N.Y. 1988).

The requested discovery directly bears on ENRC's claims that the Defendants have engaged in professional misconduct and breached their duties to ENRC in connection with their retention by ENRC, and may be used to substantiate these claims. Thus, the requested discovery is highly relevant to the Foreign Proceeding. Furthermore, the Requested Discovery would not be unduly burdensome for Deloitte US to produce, as the requests are targeted in scope and should be readily identifiable and accessible. See In re Berlamont, No. 14-MC-00190 JSR, 2014 WL 3893953, at *2 (S.D.N.Y. Aug. 4, 2014), aff'd sub nom. In re Application for an Order

12

Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings, 773 F.3d 456 (2d Cir. 2014)("the petitioner is seeking a specific, discrete set of documents that are easily identifiable and not unduly burdensome").

Because the discovery requests seek material, non-privileged[4] documents and materials concerning Deloitte US' interactions with the Defendants only insofar as they pertain to ENRC, are limited by date, seek documents and materials that should be maintained in Deloitte US' normal course of business, and are sufficiently specific to allow Deloitte US to conduct targeted searches to identify and produce the documents, materials, and information with minimal burden, the Application comports with the Federal Rules of Civil Procedure and this fourth factor weights in favor of granting the Application.

## CONCLUSION

Based on the foregoing, ENRC respectfully requests that the Court issue an Order granting the Application and authorizing the Applicant to serve the subpoena attached as Exhibit G to the Rosenfeld Declaration upon Deloitte US.

---

[4] To the extent it could be argued that the request are overly intrusive, it should be noted that "there is no accountant-client privilege under federal law" and that "any concerns about the potential disclosure of confidential information can be alleviated through protective orders. In re O'Keeffe, 646 F. App'x 263, 268 (3d Cir. 2016)

Dated: New York, New York
December 12, 2019

By: ROSENFELD & KAPLAN, LLP

_____
Tab K. Rosenfeld (TR-9212)
Steven M. Kaplan (SK-4228))
Nicole E. Meyer (NM-2302)
1180 Avenue of the Americas, Suite 1920
New York, NY 10036
(212) 682-1400
*Attorneys for Applicant Eurasian Natural Resources Corporation Limited*

14