UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In re Application of EURASIAN NATURAL
RESOURCES CORPORATION LIMITED              Case No. 1:19-mc-00571
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings.


------------------------------------------------------------------ x

**STIPULATION AND ORDER
GOVERNING THE TREATMENT OF CONFIDENTIAL MATERIAL**

   IT IS HEREBY STIPULATED AND AGREED, by and between Eurasian Natural Resources Corporation Limited ("ENRC") and non-party Deloitte & Touche LLP ("Deloitte), through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes, or other tangible item, and other information and documentation, including all copies, excerpts, and summaries thereof (collectively, "Material"), produced by Deloitte in connection with the above-captioned action (the "Action").

**DEFINITIONS**

   1. As used in this Order, the "Foreign Proceeding" means the action pending in the High Court of Justice Business and Property Courts of England and Wales Commercial Court (QBD) captioned: <u>Eurasian Natural Resources Corporation Limited v. Dechert LLP and David Neil Gerrard</u>, Claim No. CL-2017-000583.

   2. As used in this Order, the term "Party" shall mean ENRC together with its direct and indirect subsidiaries and all officers, directors or employees thereof and Deloitte.

   3. As used in this Order, the term "Confidential Material" means any document, material or information supplied in any form, or any portion thereof, that contains confidential or proprietary business, commercial, research, personnel, process, client, product, or financial

information of the producing Party, and which is denominated as Confidential for purposes of the Action. A designation by a Party of Confidential shall constitute a representation to the Court that such party believes in good faith that the information contains Confidential Material.

## **DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

4. For purposes of this Order, Confidential Materials shall be disclosed only in accordance with the following restrictions:

a. Confidential Material shall be used only for the purpose of the Action and the Foreign Proceeding (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown as set forth below in paragraph 4(b).

b. Confidential Material shall be disclosed, for the purposes set forth above, only to:

　　i. the Parties, counsel of record and other counsel for the Parties in the Action and such employees, paralegals, experts, contractors, agents, consultants, clerical and other assistant working with counsel, if any, in connection with the Action and the Foreign Proceeding;

　　ii. the litigation forums in which the Action and the Foreign Proceeding may proceed (including the Court, court reporters, *etc.*);

　　iii. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition, provided such person agrees in writing to be bound by the terms of this Stipulation and Order, by having such person sign an acknowledgement maintained by counsel who discloses the Confidential Material;

      iv.  stenographers engaged to transcribe depositions conducted in this Action and the Foreign Proceeding;

      v.  independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in the Action and the Foreign Proceeding and computer service personnel performing duties in relation to a computerized litigation system;

      vi.  non-party witnesses in preparation for or in pre-trial or trial proceedings relating to the Action and/or the Foreign Proceeding if, from the face of the Confidential Material, it appears that they previously received the particular Confidential Material in question prior to the commencement of the Action and/or the Foreign Proceeding; and

      vii.  any other person as to whom the Party producing such Confidential Material agrees in writing to be bound by the terms of this Stipulation and Order, by having such person sign an acknowledgement maintained by counsel who discloses the Confidential Material.

c.  Notwithstanding any of the foregoing provisions, the producing Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation.

5.  Each person given access to Confidential Material pursuant to the terms hereof (a "Reviewing Party") shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) the violation of the terms of this Order (by use of the

Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a Reviewing Party (other than those identified in paragraphs 4(b)) is given access to Confidential Material, he/she must read and agree in writing to be bound by the provisions of this Order by executing the acknowledgment attached as Exhibit A.  ENRC and its counsel agree to immediately notify counsel for Deloitte if it obtains knowledge or information that a Reviewing Party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

6. Documents not marked "Confidential" that a Party produced prior to the execution of this Stipulation will be treated as Confidential Material so long as the producing Party identifies by Bates stamp number to the other Party those documents that are to be treated as Confidential.

7. Confidential Material shall be designated as follows:

   a. In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

   b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two (2) weeks after such deposition has been transcribed.  When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement.  The signatories to this Stipulation and Order may modify this procedure for any particular deposition

        through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

8.     The signatories hereto may at any time, on reasonable notice not less than two (2) business days, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material.

9.     The Party which has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential at the time made, and failure to do so shall not preclude a subsequent challenge thereof.  If the Party which has not produced the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Party, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two business days, apply for appropriate ruling(s) from the Court.  In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, the Court's Individual Rules, and applicable case law.

10.    Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorney' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons shall bring the matter to the Court's attention in accordance with the Court's Individual Practices in Civil cases.

11. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

12. Continuing Effect:

   a. This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this Action and/or the Foreign Proceeding.  At the conclusion of the Action and/or Foreign Proceeding, whichever is later, each Party shall return promptly to its own counsel all Confidential Material.  Similarly, a Reviewing Party who has agreed in writing to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Reviewing Party's review all such Confidential Material in the Reviewing Party's possession.

   b. Within sixty (60) days after final termination of the Action and/or Foreign Proceeding, whichever is later, including all appeals, each Party shall either (a) return all Confidential Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient); or (b) destroy all such material and, upon request of the producing Party, deliver to the producing Party a letter certifying that such destruction of Confidential Material has occurred.  Counsel for the Parties may retain any Confidential Material in their office files, but shall otherwise be bound by the terms of this Stipulation and Order.

   c. Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.

13. If ENRC is (i) subpoenaed in another action, (ii) served with a demand in another action to which it is a party, or (iii) served with any other legal process seeking Confidential Material under this Order, then ENRC and its counsel shall transmit a copy of such subpoena, demand, or legal process within five (5) business days of receipt of such subpoena, demand or legal process, to Deloitte and shall reasonably cooperate with Deloitte in maintaining the status of the information, pursuant to the terms of this Order.

14. It is expressly recognized that the production of any Confidential Material under this Order shall not be deemed a general or specific waiver of any and all rights that such material constitutes confidential and/or proprietary information or a trade secret belonging to the producing Party, nor shall such production be deemed a general or specific waiver that such material is not generally known to the public or to the producing Party's competitors.

15. It is expressly recognized that inadvertent production by any Party of privileged or arguably privileged matters shall not be deemed to be either: (i) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege; or (ii) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly. The Parties recognize that the

protection under this paragraph is stricter than that provided for under Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

16. This Court shall retain jurisdiction of all matters pertaining to this Order, and the Parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

17. The Parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all the parties.

18. This Order may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. Signed facsimile or .pdf copies will be acceptable as an original.

Dated: New York, New York
       June 17, 2020

**ROSENFELD & KAPLAN, LLP**

By: _____          By: _____
    Tab K. Rosenfeld, Esq.                       J. Karim Aoun, Esq.
    Nicole E. Meyer, Esq.                        1221 Avenue of the Americas
    1180 Avenue of the Americas                  New York, NY 10020
    Suite 1920                                   (212) 436-2356
    New York, New York 10036                     *Assistant General Counsel for*
    (212) 682-1400                               *Deloitte & Touche LLP*
    *Attorneys for Eurasian Natural Resources*
    *Company Limited*


**SO ORDERED:**

_Alvin K. Hellerstein /s/_____
 June 17, 2020

**EXHIBIT A**

ACKNOWLEDGMENT

The undersigned, for and on behalf of himself/herself/itself and his/her/its employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" pursuant to the terms and restrictions of the Confidentiality Agreement and Order (the "Order") signed and entered in: In re Application of Eurasian Natural Resources Corporation Limited, Case No. 1:19-mc-00571 (U.S. District Court for the Southern District of New York), and that the undersigned has been given a copy of and has read and understands such Order.  The undersigned agrees to subject himself/herself/itself to the personal jurisdiction of this Court for purposes of the enforcement of this Order and to abide and be bound by its terms and provisions.  Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Order) any of such Confidential Material to any parties not covered by the Order, and that such Confidential Material, including copies of any Confidential Material, is to remain in his/her/its personal custody until the undersigned has completed his/her/its assigned duties, whereupon such Confidential Material is to be destroyed or returned to the person or entity that provided the undersigned with such material.  The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Order.  The undersigned agrees and attests to his/her/its understanding of this Acknowledgment and that in the event the undersigned or any of his/her/its agents or employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed by the Court for such failure.

   IN WITNESS WHEREOF, the undersigned has executed this Acknowledgment this \_\_\_\_ day of _____, 2020.

                   _____
                   Signature

                   _____
                   Print Name